UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Birdie Girl Golf, LLC,**<br><br>                                    **Plaintiff,**<br>vs.<br><br>**Many Hats Enterprises, LLC,**<br><br>                                    **Defendant.** | **Civil Action No. 1:24-cv-9425** |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Birdie Girl Golf, LLC ("Birdie Girl") submits this memorandum of law in opposition to the motion to dismiss filed by Defendant Many Hats Enterprises, LLC ("Many Hats") seeking an order dismissing the action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; Fed. R. Civ. P. 12(b)(5) for improper service; and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  For the reasons set forth below, Defendant's motion should be denied.

### ARGUMENT

**I.    Defendant is Subject to Personal Jurisdiction Pursuant to New York's Long Arm Statute and Federal Due Process Requirements.**

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to establish the court's jurisdiction. *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003).  However, where, as here, no discovery has been conducted on the issue of personal jurisdiction, the plaintiff need only make a *prima facie* showing that personal jurisdiction exists, based on the pleadings and affidavits and supporting materials. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), cert. denied,

1

498 U.S. 854 (1990); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). On a motion to dismiss for lack of personal jurisdiction, all "pleadings and affidavits must be construed in the light most favorable to the plaintiffs, and all doubts resolved in plaintiffs' favor." *Armco Inc. v. North Atl. Ins. Co.*, 68 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).

While personal jurisdiction must be established either at an evidentiary hearing or at trial, allegations submitted solely through competing affidavits are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party. *Maersk, Inc. v. Neewra, Inc.*, S.D.N.Y.2008, 554 F.Supp.2d 424. To show that its factual allegations constitute a prima facie showing of jurisdiction, as to defeat motion to dismiss for lack of personal jurisdiction, the plaintiff may rely on the complaint, affidavits, and other supporting evidence. *Warner Bros. Entertainment Inc. v. Ideal World Direct*, S.D.N.Y.2007, 516 F.Supp.2d 261. Further to this, Plaintiff provides Declarations from Lindzee Barrera ("Barrera Decl.") and Chintan A. Desai ("Desai Decl.") in support of its opposition to the motion to dismiss.

### A. CPLR § 302(a)(3)(ii)

The New York long-arm statute confers jurisdiction over a defendant where the cause of action arises out of a tort committed outside of New York, but the tort causes harm within New York. In order to establish jurisdiction under CPLR § 302(a)(3)(ii), the plaintiff must show that (1) the defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; and (5)

the defendant derives substantial revenue from interstate or international commerce. *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304 (N.Y. 2000).

      a. <u>Defendant Committed Tortious Acts Without the State, Giving Rise to the Cause of Action Set Forth in the Complaint</u>

To satisfy the first and second elements, the Plaintiff "need not actually prove that defendant committed a tort but rather need only state a colorable cause of action." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 125 (2d Cir. 2002). The complaint alleges that Defendant Many Hats has committed and continues to cause injury to Plaintiff within and beyond the State of New York as a result of its use of the Birdie Girl Domains to redirect Internet traffic to Defendant's website. Defendant's use of the terms BIRDIE GIRL and BIRDIE GIRL GOLF in Defendant's domain names without Plaintiff's authorization to use its registered and common law trademarks has caused and continues to cause injury to Plaintiff within and *beyond the State of New York. See* Complaint ¶¶ 19-21, 34.

      b. <u>Defendant's Activities Have Injured Plaintiff in New York and the Cause of Action Arose from that Act</u>

Plaintiff is a well-established company known for its golf equipment, apparel, and other golf-related goods including but not limited to golf ball markers, jewelry, clothing, headwear, and golf-related services. Customers throughout the United States, including New York and elsewhere readily recognize Plaintiff's BIRDIE GIRL Trademarks as distinctive designations of origin of Plaintiff's goods and services. Since at least as early as May 5, 2021, Plaintiff has continuously advertised, marketed, promoted, sold, and offered for sale its high quality golf equipment, apparel, and golf-related goods and services primarily via its ecommerce website at www.birdiegirlgolf.com to consumers throughout the United States and elsewhere, including in New York, under the trade name and house mark BIRDIE GIRL, with or without various design elements. *See* Barrera Decl. ¶¶ 1-2, 4.

3

Plaintiff actively advertises, markets, and promotes and has sold, advertised, marketed, and promoted its golf-related goods in New York, including but not limited to, advertising through various platforms, including Google Ads, Meta, Instagram, specifically targeting customers in New York. *See* Barrera Decl. ¶¶ 5, 8-9. Plaintiff's advertising efforts further include its use of social media to target New York customers and its sponsorship of events in the New York Area. *See* Barrera Decl. ¶¶ 10-11. As a result, Plaintiff generates a significant amount of sales in New York through its e-commerce website at www.birdiegirlgolf.com utilizing Shopify as well as its presence on Amazon. *See* Barrera Decl. ¶¶ 3, 6-7.

Plaintiff targeted and continues to target the New York market due to a significant increase in female golf participation in New York through the years. Additionally, New York hosts several amateur and professional tournaments featuring female golfers, such as the U.S. Women's Open Qualifiers along with a number of local events organized by the New York State Golf Association (NYSGA) that focus on increasing women's participation. Moreover, the Women's Metropolitan Golf Association (WMGA), founded in 1899, is the second-oldest women's golf association in the United States and represents nearly 200 member clubs within a 60-mile radius of New York City and includes over 2,400 individual members. *See* Barrera Decl. ¶¶ 12-13. As a result of the above, Defendant's activities have and will continue to cause injury, including but not limited to, loss of competitive advantage, loss of business reputation and goodwill, and loss of sales and profits in the State of New York.

    c.  <u>Defendant Should Reasonably Have Expected its Acts to Have Consequences in New York</u>

When Defendant used the terms BIRDIE GIRL and BIRDIE GIRL GOLF in Defendant's domain names without Plaintiff's authorization to use its registered and common law trademarks and caused and continues to cause injury to Plaintiff, including but not limited to, redirecting

4

Internet traffic from the State of New York, where Plaintiff actively advertises and derives revenue, Defendant knew or should have known that its actions could have caused harm in the State of New York.

    d. <u>Defendant has Derived Substantial Revenue From Interstate or International Commerce</u>.

New York courts have looked to both the absolute amount and percentage of a defendant's interstate income in determining whether that income is "substantial." *See Vecchio v. S & T Manufacturing Co.*, 601 F. Supp. 55, 57 (E.D.N.Y. 1984); *Allen v. Canadian General Electric Co.*, 65 A.D.2d 39, 410 N.Y.S.2d 707, 708-09 (3d Dep't 1978). Neither test is binding, however, and "each case must be decided on its own facts." *Chunky Corp. v. Blumenthal Brothers Chocolate Co.*, 299 F. Supp. 110, 115 (S.D.N.Y. 1969). However, "[i]rrespective of the approach chosen, the main concern is the overall nature of the defendant's business and the extent to which he can fairly be expected to defend lawsuits in foreign forums." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 468 (S.D.N.Y. 2008); *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986). The substantial-revenue element "requires no direct contact with New York State." *Ingraham v. Carroll*, 90 N.Y.2d 592, 598, 665 N.Y.S.2d 10 (1997) (citation omitted). Instead, it is intended to avoid the exercise of personal jurisdiction over non-domiciliaries whose activities are of a "local character." *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 215, 713 N.Y.S.2d 304 (N.Y. 2000).

It is clear that Defendant's activities are not merely "local in character." On the contrary, Defendant's www.birdiebabegolf.com website indicates that Defendant ships throughout the United States. Notably, Defendant's website also indicates that in the past it used to directly ship internationally to customers. *See* Desai Decl. ¶ 3. As shown on its website, Defendant's business is featured in several media publications that have coverage throughout the United

States.  For example, Defendant highlights its presence in New England Golf Monthly, a golf publication in the New England region.  *See* Desai Decl. ¶¶ 4-5.  Moreover, in addition to its own website, Defendant sells its products on a variety of e-commerce platforms such as www.walmart.com, www.ebay.com and Amazon.  *See* Barrera Decl. ¶ 15.

Thus, even a cursory review of Defendant's website as well as its presence on multiple e-commerce websites reveals business activities that suggest Defendant derives substantial revenue from interstate and international commerce.  However, even if this Court determines that there is insufficient proof of substantial revenue derived from interstate commerce, dismissal for lack of personal jurisdiction is "inappropriate [because] that knowledge is peculiarly under the control of [the defendant], and may come to light in the course of [s]ubsequent discovery." *Energy Brands. Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 468 (S.D.N.Y. 2008); *Mfg. Tech., Inc. v. The Kroger Co.*, 2006 U.S. Dist. LEXIS 90393, *10 (S.D.N.Y. Dec. 13, 2006).

Plaintiff has established all of the elements of a *prima facie* case of personal jurisdiction under CPLR § 302(a)(3)(ii).  Accordingly, Plaintiff respectfully submits that this Court may properly exercise its jurisdiction over Defendant pursuant to the New York long-arm statute.  While the discussion above relates to personal jurisdiction under CPLR § 302(a)(3)(ii), Plaintiff respectfully submits that jurisdiction may be predicated upon CPLR § 302(a)(1).  As further discussed below, given that no discovery has been conducted at this early juncture, jurisdictional discovery may allow Plaintiff to provide a further basis for personal jurisdiction under CPLR § 302(a)(1) given the interactive nature[1] of Defendant's www.birdiebabegolf.com website and its e-commerce platforms discussed above.

---

[1] Even under Section 302(a)(1), this Court has recognized that "a website's interactivity may be useful for analyzing personal jurisdiction under Section 302(a)(1)…insofar as it helps to decide whether the defendant transacts any business in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 252 (2d Cir. 2007) (internal quotation marks omitted).

B. **Court's Exercise of Jurisdiction Under CPLR § 302(a)(3)(ii) Does Not Violate Defendant's Due Process Rights.**

Jurisdiction over the Defendant also comports with the constitutional requirement of due process. Where personal jurisdiction is appropriate under CPLR § 302(a), the requirements of the Due Process clause are also met since CPLR § 302 does not reach as far as the constitution permits. *See Topps Co. v. Gerrit J. Verburg Co.*, 961 F. Supp. 88, 90 (SDNY 1997); *Licci v Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir 2012); *GEM Advisors, Inc. v Corporacion Sidenor, S.A.*, 667 F Supp 2d 308, 321 (SDNY 2009) (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006)); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010) (concluding that the "assertion of personal jurisdiction over [defendant] comports with due process for the same reasons that it satisfies New York's long-arm statute"). Accordingly, it is submitted that the inquiry should end here and to the extent that jurisdiction has been appropriately established pursuant CPLR § 302(a), then all due process elements have also been met.

C. **To The Extent Necessary, Jurisdictional Discovery Should Be Permitted.**

If this Court finds that Plaintiff has not met its *prima facie* case to establish personal jurisdiction, then discovery should be compelled so that Plaintiff has an adequate opportunity to establish further jurisdictional facts. *See Iovate Health Sci., Inc. v. Masuda*, 2009 U.S. Dist. LEXIS 79149, *10 n.3 (W.D.N.Y. Aug. 11, 2009) ("If jurisdiction did not otherwise attach, it would be appropriate to deny the instant motion to dismiss without prejudice to allow for jurisdiction discovery on this issue."), adopted 2009 U.S. Dist. LEXIS 79234 (W.D.N.Y. Sep. 2, 2009); *Cicalo v. Harrah's Operating Co.*, 2008 U.S. Dist. LEXIS 33806 (S.D.N.Y. Apr. 24, 2008) ("The district court has considerable leeway in ruling on a motion to dismiss for lack of personal jurisdiction, and "[p]re-motion discovery should be permitted where the facts necessary

7

to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge."); *Ginsberg v. Gov't Props. Trust. Inc.*, 2007 U.S. Dist. LEXIS 75771, *10 (S.D.N.Y. Oct. 11, 2007) ("A district court may permit a plaintiff to engage in limited jurisdictional discovery."); *Peterson v. Spartan Indus.*, 33 N.Y.2d 463, 466, 354 N.Y.S.2d 905, 907 (1974) ("subdivision (d) of rule 12 of the Federal Rules of Civil Procedure allows the court to hold in abeyance a motion to dismiss for lack of personal jurisdiction to enable the parties to employ discovery on the jurisdictional issue.").

Even if the Court were to have doubts about a prima facie showing of jurisdiction, it should nonetheless order discovery so long as the plaintiff presents a "colorable claim of jurisdiction." *Regenlab USA LLC v. Estar Technologies Ltd.*, 16-cv-08771 (ALC), 2017 WL 3601304, at *4 (S.D.N.Y. Aug. 17, 2017) (further observing that a plaintiff should be given "ample opportunity to secure and present evidence relevant to the existence of jurisdiction") (citation omitted); *In re North Sea Brent Crude Oil Futures Litig.*, 2016 WL 8650460, at *2 (S.D.N.Y. Mar. 17, 2016) (same); *Ikeda v. J. Sisters 57, Inc.*, 2015 WL 4096255, at *8 (S.D.N.Y. July 6, 2015) (noting that "[a]lthough Third–Party Plaintiffs have not made a prima facie showing of personal jurisdiction, their assertion is at least colorable" and ordering jurisdictional discovery). Plaintiff submits that it has satisfied its burden of making a prima facie showing of jurisdiction. However, at a minimum, Plaintiff has presented a "colorable claim" of jurisdiction sufficient to merit jurisdictional discovery.

II. **Service of Process on Defendant Was Proper.**

As a threshold matter, Defendant's challenge to the service of the summons and complaint pursuant to Rule 12(b)(5) is wholly without merit. For the reasons below, Plaintiff respectfully requests that Defendant's motion to dismiss for improper service be denied.

At a bare minimum, Defendant's argument regarding improper service is moot since Plaintiff effectuated service properly pursuant to Federal Rule of Civil Procedure 4 and local rules regarding service of process.  Moreover, in its motion to dismiss, Defendant selectively quotes a portion of the email and summarily concludes that there was an "alleged agreement" between the parties.  However, as mentioned in the email communication referenced by Defendant, Plaintiff's counsel conditioned upon confirmation that "(1) your client will take no action against our client's U.S. trademark registration numbers: 7,395,251 and 7,395,252 (collectively, the "Birdie Girl Registrations") or its use of the corresponding marks; and (2) your client will reconsider its position regarding the Birdie Girl Domains." *See* Uradnik Decl. at Exh. D.  No such confirmation was provided by Defendant's counsel.  Therefore, even assuming *arguendo* that an offer was made, there was no alleged agreement.

### III. Defendant's Motion for Failure to State a Claim Fails.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  When evaluating the viability of Plaintiffs' claims, the Court must accept as true all well-pleaded factual allegations contained in the operative complaint. *Id.*  Additionally, the Court may consider any written instrument attached to the complaint as an exhibit, any statements or documents incorporated by reference in the complaint, documents that are "integral" to the complaint even if they are not incorporated by reference, and matters of which judicial notice may be taken.  *See Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see generally Goel* v. *Bunge, Ltd.*, 820

9

F.3d 554, 559 (2d Cir. 2016) (discussing materials that may properly be considered in resolving a motion brought under Fed. R. Civ. P. 12(b)(6)).

Defendant alleges that Plaintiff failed to plead bad faith sufficiently in the Complaint claiming that an allegation of "simple redirection" is insufficient to establish bad faith. However, Defendant's conduct is discussed in at least Paragraphs 19-21, 34 of the Complaint, which includes specific allegations regarding Defendant's use in bad faith of birdiegirl.com and birdiegirlgolf.net (collectively, "the Birdie Girl Domains") to redirect customers from Respondent's website. *See* Complaint, ¶¶ 19-21, 34. At the very least, such use and operation of the Birdie Girl Domains to redirect customers from Plaintiff's website to Defendant's website harms the goodwill represented by the marks in which Plaintiff has rights.

## CONCLUSION

Based on the foregoing, Defendant's motions to dismiss for lack of personal jurisdiction, improper service and failure to state a claim should be denied. In the alternative, the Court should adjourn the motion to dismiss for lack of personal jurisdiction pending the completion of jurisdictional discovery.

Respectfully Submitted,

LIPPES MATHIAS LLP

Dated: January 17, 2025

By: /s/ Chintan A. Desai
Matthew D. Asbell
Chintan A. Desai
Lippes Mathias LLP
420 Lexington Avenue, Suite 2005
New York, NY 10170
masbell@lippes.com
cdesai@lippes.com
docketing@lippes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 17, 2025, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of this filing to all counsel of record in this action.

                                            By:    /s/ Chintan A. Desai
                                                          Chintan A. Desai