

**URADNIK**

**Intellectual Property Law**

Uradnik Law Firm PA
P.O. Box 7164
Lake Wales, FL 33855

Joseph A. Uradnik
joe@iplawspot.com
Tel: (612) 865-9449

*via ECF*

April 3, 2025

Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

RE:   *Birdie Girl Golf, LLC v. Many Hats Enterprises, LLC*
        Civil Action No. 1:24-cv-09425-LJL

Dear Judge Liman,

This letter responds to your request for additional briefing on the issue of personal jurisdiction, and, more specifically, pendant personal jurisdiction.

Defendant's position is that the Court should not reach the issue of pendant personal jurisdiction because personal jurisdiction does not exist for either the cybersquatting claim, or the declaratory judgment claim in this case. There can be no pendant jurisdiction without personal jurisdiction for at least one claim. *CE Distribution, LLC v. New Sensor Corp.,* 380 F.3d 1107, 1113 (9th Cir. 2008) (holding that pendant personal jurisdiction may exist over a "claim for which there is no independent basis for personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction"); *United States v. Botefuhr,* 309 F.3d 1263, 1272 (10th Cir. 2002) (holding that under doctrine of pendant personal jurisdiction, "once a district court has jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction").

Here, a Minnesota Defendant has only two contacts with New York: (1) it operates a website accessible in New York and in every other state, and (2) its counsel sent a cease and desist letter to Plaintiff's attorneys in New York. To establish personal jurisdiction under CPLR § 302(a)(1), the claim asserted must arise from Many Hats' business activity in New York. *Eades v. Kennedy, PC Law Offices*, 799 F. 3d 161, 168 (2d Cir. 2015). Operation of a website accessible in New York, without more, is an insufficient basis for the exercise of personal jurisdiction here. *Panacea Sols., Inc. v. Roll*, 2006 U.S. Dist. LEXIS 79645, *9 (S.D.N.Y. Oct. 31, 2006) ("Defendants did

Honorable Lewis J. Liman
April 3, 2025
Page 2

not transact business in New York by virtue of their websites, which are minimally interactive, available worldwide, and do not target New Yorkers. *Best Van Lines*, 2004 U.S. Dist. LEXIS 7830, at *17-18 ("It is well established that nationally available websites are often insufficient to sustain jurisdiction, even where they contain an interactive component.")").

Moreover, the Second Circuit has been clear that a cease and desist letter alone is insufficient to confer jurisdiction under section 302(a)(1). Rather, it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities in the forum. *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 511 (S.D.N.Y. 2001). Further, that Plaintiff chose to engage counsel in New York hardly constitutes purposeful availment <u>by Defendant</u>. Defendant's attorney was ethically obligated to communicate with Plaintiff's counsel in New York. A plaintiff should not be able to create personal jurisdiction over a defendant in any state simply by choosing counsel there. Such a result would run afoul of at least the Constitution's reasonableness requirement. *United States Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143, 150 (2d Cir. 2019) (In determining specific jurisdiction, the Court considers (1) the extent to which the defendant "purposefully availed" itself of the privilege of conducting activities in the State or purposely directed its conduct into the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable."). Finally, the cease and desist letter simply does not *arise from* Defendant's contacts with New York.

Accordingly, Defendant believes the Court will never reach the pendant personal jurisdiction issue. The case should be dismissed due to Plaintiff's failure to establish personal jurisdiction for any claim here. However, if the Court somehow finds that personal jurisdiction exists for a claim, then Defendant has no objection to the exercise of pendant personal jurisdiction over the remaining claim.

Respectfully submitted,

/s/*Joseph A. Uradnik*

Joseph A. Uradnik
URADNIK LAW FIRM PA
P.O. Box 7164
Lake Wales, FL 33855-7164
Tel.: (612) 865-9449

*Counsel for Defendant*

# *Panacea Solutions, Inc. v. Roll*

United States District Court for the Southern District of New York

October 31, 2006, Decided ; October 31, 2006, Filed

05 Civ. 10089 (RCC)

**Reporter**
2006 U.S. Dist. LEXIS 79645 *; 2006 WL 3096022

PANACEA SOLUTIONS, INC., Plaintiff, - against - MARCEL ROLL, CONNECTORS VERBINDUNGSTECHNIK AG, AND WAVE BIOTECH AG, Defendants.

**Counsel:** [*1] For Panacea Solutions, Inc., Plaintiff: David L. Katsky, LEAD ATTORNEY, Katsky Korins, LLP, New York, NY; Robert Charles Weisz, LEAD ATTORNEY, New York State Office of the Attorney General (NYC), New York, NY.

For Marcel Roll, Connectors Verbindungstechnik AG, Biotech AG, Defendants: Elise A. Yablonski, LEAD ATTORNEY, Proskauer Rose LLP (New York), New York, NY.

**Judges:** RICHARD CONWAY CASEY, United States District Judge.

**Opinion by:** RICHARD CONWAY CASEY

## Opinion

**MEMORANDUM & ORDER**

**RICHARD CONWAY CASEY, United States District Judge:**

Plaintiff Panacea Solutions, Inc. ("Panacea" or "Plaintiff") brought this action for trademark infringement in November 2005 against defendants Marcel Roll ("Roll"), Connectors Verbindungstechnik AG ("Connectors AG"), and Wave Biotech AG ("Wave AG") (collectively, "Defendants"). After Panacea filed the complaint, Defendants moved to dismiss the action for a lack of personal jurisdiction, *see Fed. R. Civ. Pro. 12(b)(2)*, or, in the alternative, on the ground of *forum non conveniens*.

For the following reasons, Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**.

**I. BACKGROUND**

[*2] Discovery has not yet occurred in this case. However, in addition to the memoranda of law submitted by the parties regarding the instant motions, Defendants have provided two declarations of Defendant Roll and a declaration from the attorney representing Defendants in proceedings brought by Panacea in Switzerland. And Plaintiff has submitted an affidavit of its Chief Executive Officer, Vijay Singh, in opposition to the motion to dismiss (the "Singh affidavit").

Panacea alleges the following. Panacea is a Delaware corporation with its principal place of business in Bernardsville, New Jersey. Defendant Roll is a citizen of Switzerland. He is the Chief Executive Officer of Wave AG. (Roll Decl. 1.) Defendants Connectors AG and Wave AG are both Swiss corporations with their principal places of business in Tagelswangen, Switzerland. (Compl. PP 4-7.)

Panacea asserts that its Chief Executive Officer Vijay Singh is the inventor of the Singh Bioreactor, a method and device for culturing cells. The invention consists of a specialized disposable plastic bag that can be filled with cells and liquid and then agitated in a gentle rocking mechanism to produce cell suspension, bulk mixing, and oxygen [*3] transfer. Panacea owns and uses numerous trademarks that identify the Singh Bioreactor and related products, including the trademarks WAVE BIOTECH, WAVEBAG, WAVE BIOREACTOR, and BIOWAVE. These trademarks are registered with the U.S. Patent and Trademark

Office. (Compl. PP 2, 13, 15, 17.)

The Singh affidavit explains that Singh and Roll previously had a business relationship by which they entered into an agreement to distribute the Singh bioreactor. (Singh Aff. 4.) Singh asserts that Roll came to New York in 1998 to negotiate the agreement, and returned in April 1999 and March 2000 to discuss the joint business venture while attending a trade show. *Id.* In 2003, the relationship between Singh and Roll and their respective companies deteriorated. *Id.* at 5.

According to the complaint, although Panacea never authorized Defendants to use any of its trademarks in the United States, Defendants have recently begun using Panacea's trademarks to advertise, offer for sale, and sell bioreactors in the United States. Specifically, Panacea alleges that Defendants placed an infringing advertisement for bioreactors in the August 2005 edition of Genetic Engineering News, a journal described **[*4]** by Plaintiff as "a publication available in the United States (including without limitation in New York, New York)." (Compl. P 20.)

Panacea alleges also that Defendants have begun using the websites www.wavebiotech.net and www.wavebag.com to market bioreactors to customers "in the United States (including without limitation [customers] in New York, New York)." *(Id.)* The websites contain an online form through which an interested person may request product information. (Roll Decl. Ex. C.) According to the Plaintiff, marketing materials posted by Wave AG on Defendants' websites indicate that Wave AG's products, which allegedly use and infringe Panacea's trademarks, are distributed in "Europe, Asia, [and the] USA." (Pl.'s Mem. 3-4.)

## II. DISCUSSION

### A. Personal Jurisdiction

#### 1. Standard of Review

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of proving that the court has personal jurisdiction over the defendants. *DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001)* (per curiam). The Court construes the complaint, affidavits, and other supporting materials in the light most favorable **[*5]** to the plaintiff, resolving doubts in the plaintiff's favor. *Id.*; *Best Van Lines, Inc. v. Walker, No. 03cv6585, 2004 U.S. Dist. LEXIS 7830, at *4 (S.D.N.Y. May 5, 2004)*. Prior to discovery, a plaintiff may defeat a motion to dismiss by alleging facts that constitute a prima facie showing of personal jurisdiction. *PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997)*; *Cf. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 n.3* (explaining that plaintiff has a higher burden after an evidentiary hearing has been held and must then demonstrate the court's personal jurisdiction over the defendant by a preponderance of the evidence).

In deciding a question of personal jurisdiction, the Court "must conduct a two-part analysis." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001). The Court looks first to New York's long-arm statute to see whether Defendants are amenable to process under the law of the forum state. *Id.* The Court then analyzes whether jurisdiction comports with federal due process. *Id.*

#### 2. New York's Long-Arm Statute

Defendants **[*6]** are non-domiciliaries of the state of New York. Under New York's long-arm jurisdiction statute, there are four acts that form a basis by which a court may exercise personal jurisdiction over any non-domiciliary. Namely, the court has jurisdiction over a non-domiciliary who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state . . .; or
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated in the state.

N.Y. C.P.L.R. § 302(a) (McKinney 2001).

Plaintiff's complaint asserts that "[t]he Court has personal jurisdiction over the defendants [*7] pursuant to New York C.P.L.R. 302(a)," without specifying which subparagraph of § 302(a) is relevant. (See Compl. P 11.) Plaintiff's memorandum of law in opposition to the motion to dismiss is solely devoted to the argument that the Court has personal jurisdiction over Defendants under § 302(a)(2), and the Singh affidavit also focuses on this argument. However, because plaintiff has alleged some facts that implicate additional subparagraphs of § 302(a), the Court will address each of the four subparagraphs of § 302(a) in turn.

**a. Section 302(a)(1)**

In determining jurisdiction under § 302(a)(1), the Court looks at the totality of the Defendants' business contacts with New York. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 166 (2d Cir. 2005). A non-domiciliary transacts business for the purposes of § 302(a)(1) when he purposefully avails himself of the privilege of conducting activities within New York, and thus invokes the benefits and protections of the state's laws. See CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Where there is a showing that business was transacted, there [*8] must be an "articulable nexus" between the business and the cause of action. Id.

In this case, Roll asserts, and Plaintiff makes no allegations to the contrary, that Defendants have never sold or shipped any product to any customer in New York, that Wave AG has received 0% of its revenues from New York, and that Defendants have no office or employees in New York. Moreover, the Court finds that Defendants did not transact business in New York by virtue of their placement of advertisements in Genetic Engineering News, an international biotechnology publication that is published in New York and distributed worldwide. See Maranga v. Vira, 386 F. Supp. 2d 299, 308 (S.D.N.Y. 2005) (explaining that the fact that an advertisement is placed "in a newspaper that is published in New York adds little justification for the assertion of personal jurisdiction under § 302(a)(1)"). It is settled New York law that "advertisements in national publications are not sufficient to provide personal jurisdiction under Section 302(a)(1)." See, e.g., Hearst Corp. v. Goldberger, No. 96 Civ. 3620, 1997 U.S. Dist. LEXIS 2065, at *32 (S.D.N.Y. Feb. 26, 1997). Similarly, [*9] Defendants did not transact business in New York by virtue of their websites, which are minimally interactive, available worldwide, and do not target New Yorkers. Best Van Lines, 2004 U.S. Dist. LEXIS 7830, at *17-18 ("It is well established that nationally available websites are often insufficient to sustain jurisdiction, even where they contain an interactive component."). Even advertisements that target New Yorkers are not sufficient unless "supplemented by business transactions occurring in the state . . . or . . . accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence." O'Brien v. Hackensack Univ. Med. Ctr., 305 A.D.2d 199, 760 N.Y.S.2d 425, 427 (App. Div. 2003). Here there is no allegation of business transactions or any permanence or continuity.

Plaintiff alleges that Defendants came to New York in 1998 for in-person negotiations regarding a distribution agreement, and twice more in 1999 and 2000 to discuss aspects of their business relationship (see Singh Aff. 4). Defendant Roll argues that he and Singh actually met to discuss business in New Jersey where Singh and Panacea's [*10] office was located -- not New York -- and that they only socialized in New York on two occasions. (Roll Reply Decl. 2.) Viewing the

facts in the light most favorable to Plaintiff, as the Court must for the purposes of this motion, and assuming that Plaintiff could show that Defendants' activities constituted transacting business in New York, Plaintiff has not demonstrated that these acts bear an articulable nexus to the trademark action. *See, e.g.*, *Beacon Enter., Inc. v. Menzies, 715 F.2d 757, 765 (2d Cir. 1983)* (denying *§ 302(a)(1)* jurisdiction because of the insufficient relationship between defendant's New York activity and a trademark declaratory judgment action).

In sum, Plaintiff does not have a colorable claim that Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within [New York]," *Cutco Indus., Inc., 806 F.2d at 365*, and therefore the Court lacks personal jurisdiction over Defendants under *§ 302(a)(1)*.

**b. Section 302(a)(2)**

Section 302(a)(2) provides that a court may exercise personal jurisdiction over a person who commits a tortious act within the state. The New York Court of Appeals [*11] has interpreted *§ 302(a)(2)* to reach only tortious acts performed by a defendant who was physically present in the state when he executed the act. *See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 459, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965)*, *Platt Corp. v. Platt, 17 N.Y.2d 234, 237, 217 N.E.2d 134, 270 N.Y.S.2d 408 (1966)*. In *Bensusan Restaurant Corp. v. King, 126 F.3d 25, 28 (2d Cir. 1997)*, the Second Circuit endorsed this construction of *§ 302(a)(2)*. The Court of Appeals explained: "In the absence of some indication by the New York Court of Appeals that its decisions in *Feathers* and *Platt*, as interpreted and construed in the . . . majority of [lower federal and state court] cases, no longer represent the law of New York, we believe it would be impolitic for this Court to hold otherwise." *Bensusan, 126 F.3d at 29*. Applying the principles of those cases, the Court of Appeals noted that "[t]he acts giving rise to Bensusan's lawsuit . . . including the . . . creation of [a] web site [and] the use of [certain allegedly trademarked words] on the site . . . were performed by persons physically present in Missouri and not in New York." *Id.* Accordingly, the court held Bensusan [*12] Restaurant had failed to allege that King committed a tortious act in New York and thus failed to establish personal jurisdiction under *CPLR § 302(a)(2)*. *Id.*

In this case, Plaintiffs have not alleged that Defendants were physically present in New York when committing the allegedly infringing acts. Quite the opposite. Plaintiffs, citing *Banco Nacional Ultramarino, S.A. v. Chan, 169 Misc. 2d 182, 641 N.Y.S.2d 1006 (1996)*, *Basquiat v. Kemper Snowboards, No. 96 Civ. 0185, 1997 U.S. Dist. LEXIS 12653, at *4 (S.D.N.Y. Aug. 25, 1997)*, and *Do Nascimento v. Fox Lorber Assocs., Inc., No. 93 Civ. 1230, 1993 U.S. Dist. LEXIS 7050 (S.D.N.Y. May 24, 1993)*, contend that they need not show Defendants' physical presence in New York in order for the Court to have personal jurisdiction under *§ 302(a)(2)*. (Pl.'s Mem. at 6-7.) Plaintiff's argument is unavailing. The cases cited by Plaintiff pre-date *Bensusan Restaurant Corporation v. King*, and are in the group of cases described and rejected by the *Bensusan* court for not requiring physical presence for *§ 302(a)(2)* jurisdiction. *See Bensusan, 126 F.3d at 28-29*. After *Bensusan*, it is clear that [*13] jurisdiction under *CPLR § 302(a)(2)* does not exist where the plaintiff fails to allege that the defendant committed a tortious act while physically present in New York. *Id. at 29*. Because Panacea has not alleged that Defendants were physically present in New York when committing any alleged trademark infringement, it has not established a prima facie showing of jurisdiction under *§ 302(a)(2)*.

**c. Section 302(a)(3)**

Section 302(a)(3) provides that New York courts may exercise jurisdiction over non-residents that commit tortious acts outside of New York but cause injury inside the state. The exercise of jurisdiction pursuant to this subparagraph is limited to persons who expect or should reasonably expect the tortious acts to have consequences in the state and who derive substantial revenue from interstate or international commerce. *N.Y. C.P.L.R.*

§ 302(a)(3); Bensusan, 126 F.3d at 29.

"Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs of injury test, which asks them to locate the original event which caused the injury." DiStefano, 286 F.3d at 84 **[\*14]** (internal citations and quotations removed). The Second Circuit has held that the "original event" for purposes of § 302(a)(3) occurs where "the first effects of the tort that ultimately produced the final economic injury is located." See id. (internal citation and punctuation removed). In trademark cases, the "first effects" of trademark infringement or dilution "are typically felt where the trademark owner resides and conducts business." Savage Universal Corp. v. Grazier Constr., Inc., No. 05 Civ. 1089, 2004 U.S. Dist. LEXIS 16088, at *30 (S.D.N.Y. Aug. 12, 2004).

In this case, Plaintiff is a Delaware corporation with its principle place of business in New Jersey and no apparent ties to New York. Plaintiff has not alleged any facts supporting a conclusion that the first effects of Defendants' alleged infringement occurred in New York. Plaintiff does not allege that Defendants actually sold any products to any companies in New York, nor does it allege that any New York customers were actually confused by Defendants' advertisement or websites. It bears repeating that "the mere operation of a website containing or using others' trademarks does not constitute a **[\*15]** tort anywhere the site can be viewed." Id. at *29-30. In this case, Plaintiff has not alleged sufficient facts to show that the injury caused by Defendants' alleged infringement occurred in New York. The Court therefore lacks jurisdiction under § 302(a)(3).

d. Section 302(a)(4)

The last subparagraph of § 302(a) provides courts with jurisdiction over non-domiciliaries who own, use, or possess real property in New York. Plaintiff has not alleged that any Defendant owns, uses, or possesses any real property in New York. Defendant Roll has declared affirmatively that Defendants do not have an office, employees, bank accounts or other property anywhere in New York or anywhere in the United States. (Roll Decl. 1.) Accordingly, the Court lacks jurisdiction under § 302(a)(4).

3. Due Process Analysis

Because Plaintiff has failed to establish a prima facie showing of jurisdiction under New York's long-arm statute, the Court need not analyze whether jurisdiction comports with federal due process. The Court grants Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

B. Forum Non **[\*16]** Conveniens

Having granted the Defendant's motion to dismiss for lack of personal jurisdiction, the Court need not address forum non conveniens, the alternative ground on which Defendants sought dismissal.

III. CONCLUSION

Plaintiff has failed to establish a prima facie showing of jurisdiction under New York State law. Accordingly, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction is **GRANTED.**

The status conference previously scheduled for November 17, 2006 is hereby cancelled.

SO ORDERED.

Richard Conway Casey, U.S.D.J.

New York, New York

October 31, 2006

**End of Document**