UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BIRDIE GIRL GOLF, LLC,

        Plaintiff,

    -v-

MANY HATS ENTERPRISES, LLC,

        Defendant.

------------------------------------------------------------------X

24-cv-9425 (LJL)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2026

LEWIS J. LIMAN, United States District Judge:

Defendant Many Hats Enterprises, LLC ("Defendant" or "Many Hats") moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the First Amended Complaint ("FAC") for lack of personal jurisdiction. Dkt. No. 44.

## BACKGROUND

Familiarity with the prior proceedings in this matter is presumed.

Plaintiff Birdie Girl Golf, LLC ("Plaintiff" or "Birdie Girl") is an Idaho corporation that, since as early as May 5, 2021, has sold golf-related equipment, apparel, and goods primarily through its e-commerce website at www.birdiegirlgolf.com. Dkt. No. 43 ¶ 1. It operates under the trade name and house mark BIRDIE GIRL. *Id.* Plaintiff owns two United States trademark registrations for the mark BIRDIE GIRL for golf equipment and apparel and golf equipment and apparel retail services which were filed on August 31, 2022, and claim a date of first use in United States commerce of April 16, 2022 (the "BIRDIE GIRL Registrations"). *Id.* ¶ 12. Plaintiff also alleges that it enjoys common law rights in the name BIRDIE GIRL (the "BIRDIE GIRL Marks"). *Id.* ¶ 13.

Defendant is a Minnesota corporation that designs and sells golf bags and other golf-related goods and apparel through its online retail store at www.birdiebabegolf.com ("Defendant's Website"). *Id.* ¶¶ 2, 20. Defendant owns one active Untied States federal trademark registration for "BIRDIE BABE" for online retail store services featuring golf items, which was filed on June 18, 2015, and claims a date of first use in United States commerce of June 30, 2011 (the "BIRDIE BABE Registration"). *Id.* ¶ 18. It also owns one active and pending United States federal trademark application for the mark BIRDIE BABE for online retail store services featuring golf-items, which was filed on January 21, 2024, and claims a date of first use of June 30, 2011. *Id.* ¶ 19.

Plaintiff alleges that in late 2023 or early 2024, Defendant acquired the domain name registrations for www.birdiegirl.com and www.birdiegirlgolf.net (the "Birdie Girl Domains") and that, on or about February 21, 2024, Defendant arranged for each of the Birdie Girl Domains, when typed into an internet browser, to automatically redirect to Defendant's Website. *Id.* ¶¶ 21–22. In October 2024, Plaintiff sent correspondence to Defendant requesting that Defendant stop using the Birdie Girl Domains to redirect internet traffic to Defendant's Website. *Id.* ¶ 23. Defendant responded by acknowledging that it was aware of Plaintiff's existence and use and registration of the BIRIDIE GIRL Marks, *id.* ¶ 24, and demanding that Plaintiff cancel the BIRDIE GIRL Registrations and discontinue use of the BIRDIE GIRL Marks, *id.* ¶ 25.

On December 10, 2024, Plaintiff filed suit in this Court alleging claims against Defendant for violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), Dkt. No. 1 ¶¶ 39–47, and a declaratory judgment of no trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, *id.* ¶¶ 48–51. Defendant moved to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2),

improper service of process under Federal Rule of Civil Procedure 12(b)(5), and failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 11.[1]

By opinion and order of August 18, 2025, the Court dismissed Plaintiff's complaint without prejudice for lack of personal jurisdiction.  Dkt. No. 29.  The Court found, among other things, that Plaintiff had insufficiently alleged personal jurisdiction under C.P.L.R. § 302(a)(1) because, though Plaintiff alleged that Defendant operated an interactive commercial website accessible in New York, Plaintiff "notably fail[ed] to allege that Defendant has ever sold any products in New York or otherwise entered into agreements in the state." *Id.* at 14.  The Court also found that Plaintiff had not alleged jurisdiction under C.P.L.R. § 302(a)(3)(ii).  *Id.* at 15–19.  That subsection of the New York long-arm statute "requires a plaintiff to allege that '(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.'" *Id.* at 15 (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159, 162 (N.Y. 2011)).  The Court found that Plaintiff satisfied the first three requirements for jurisdiction under Section 302(a)(3)(ii), but that it had not met the final two requirements.  *Id.* at 15–19.  Plaintiff had not alleged facts that Defendant made sales to New York or otherwise targeted New York such that it could have expected to be haled into a New York court, nor had Plaintiff sufficiently alleged that Defendant derived substantial revenue from interstate commerce.  *Id.* at 18–19.  However, the Court granted Plaintiff leave to take jurisdictional discovery.  *Id.* at 19–21.[2]

---

[1] In addition, the complaint contains a claim for attorneys' fees.  Dkt. No. 1 ¶¶ 52–53.
[2] The Court denied Defendant's motion to dismiss for insufficient service of process and failure to state a claim for relief.  *Id.* at 21–31.

Plaintiff has now taken jurisdictional discovery.  Plaintiff filed the FAC on December 16, 2025.  Dkt. No. 43.  The FAC contains the same claims for a violation of the ACPA and a declaratory judgment.  *Id.* ¶¶ 41–53.  It also contains more detailed allegations supporting personal jurisdiction.  *Id.* ¶¶ 5–10.  Defendant filed this motion to dismiss the FAC for lack of personal jurisdiction on December 27, 2025.  Dkt. No. 44.  Plaintiff filed its response in opposition to the motion on January 12, 2026.  Dkt. No. 46.  Defendant filed a reply in further support of the motion on January 13, 2025.  Dkt. No. 47.

**DSICUSSION**

The standards applicable to this motion are well-established and law of the case.

A motion under Rule 12(b)(2) challenges the Court's personal jurisdiction over the moving party.  The Court construes "all pleadings and affidavits in the light most favorable to the plaintiff and resolv[es] all doubts in the plaintiff's favor."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir.), *certified question accepted*, 933 N.E.2d 205 (2010), *and certified question answered*, 946 N.E.2d 159 (2011).  To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that jurisdiction exists over the defendant.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).  This "showing must include an averment of facts that, if credited by the ultimate trier of fact, would be sufficient for establishing jurisdiction over the defendant."  *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024) (citation and internal quotation marks omitted), *cert. denied sub nom. Zembrka v. Am. Girl, LLC.*, 145 S. Ct. 1130 (2025).  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727–28 (2d Cir. 2012) (citation omitted).  "Now that jurisdictional discovery is complete, Plaintiffs' burden is different, but it is not heavy."  *Averbach v. Cairo Amman Bank*, 2023 WL 5016884, at *6 (S.D.N.Y. June 30, 2023),

*report and recommendation adopted*, 2024 WL 3677339 (S.D.N.Y. Aug. 6, 2024). "Plaintiffs need only show that their prima facie showing of jurisdiction is factually supported." *Id.*

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). First, the court considers whether there is a basis for personal jurisdiction under the laws of the forum state. *Id.*; *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Second, the court examines whether the exercise of personal jurisdiction comports with constitutional due process. *See Chloé*, 616 F.3d at 164; *Licci*, 732 F.3d at 168.[3]

New York law provides "two ways to establish personal jurisdiction over a defendant: (1) 'general jurisdiction' under N.Y. C.P.L.R. § 301; and (2) 'specific jurisdiction' under N.Y. C.P.L.R. § 302." *Kreit v. Byblos Bank S.A.L.*, 2023 WL 6977448, at *4 (S.D.N.Y. Oct. 22, 2023), *aff'd*, 2025 WL 338194 (2d Cir. Jan. 30, 2025) (summary order).

Plaintiff again relies on specific jurisdiction under C.P.L.R. 302(a)(1) and 302(a)(3)(ii).

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). Transacting business under Section 302(a)(1) requires "purposeful activity"—that is, "volitional acts" through which a defendant "avails itself of the

---

[3] The Lanham Act does not provide for nationwide service of process. *See Bailon v. Pollen Presents*, 2023 WL 5956141, at *5 n.2 (S.D.N.Y. Sept. 13, 2023). Other federal statutes do, *see, e.g.*, 15 U.S.C. § 22, and the resulting analysis is different, *see* Fed. R. Civ. P. 4(k)(1)(C). The analysis would also be different if Defendant were not subject to jurisdiction in any state's courts of general jurisdiction. *See* Fed. R. Civ. P. 4(k)(2); *Multi Access Ltd. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.*, 2024 WL 3498180, at *6–7 (S.D.N.Y. July 22, 2024).

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Al Rushaid v. Pictet & Cie*, 68 N.E.3d 1, 7 (N.Y. 2016) (citation omitted). The "second element of § 302(a)(1) is satisfied 'when there exists an articulable nexus or a substantial relationship between transactions occurring within the state and the cause of action sued upon.'" *Spetner v. Pal. Inv. Bank*, 70 F.4th 632, 643 (2d Cir. 2023) (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004)). This "'relatively permissive' inquiry requires only that 'at least one element [of the claim] arises from [the defendant's] New York contacts.'" *Id.* (quoting *Licci*, 984 N.E.2d at 900–01); *see also Am. Girl*, 118 F.4th at 278–79.

Defendant argues that Plaintiff has not established personal jurisdiction under C.P.L.R. 302(a)(1) because Plaintiff has not alleged any "New York-targeted advertising or solicitation" such as "geo-targeted search or social ads, New York-specific promotions, New York event sponsorships, or other forum-directed outreach," and Plaintiff has alleged that a New York sale was caused by a "redirect" only on the basis of information and belief rather than direct evidence. Dkt. No. 44 at 3–5. Plaintiff has alleged sufficient facts to establish personal jurisdiction under CPLR 302(a)(1) and to satisfy due process.

First, Plaintiff has established that Defendant transacts business in New York within the meaning of Section 302(a)(1). The FAC alleges, and Defendant does not dispute, that for the period between 2020 to 2025, Defendant conducted more than 80 transactions with customers in New York through Defendant's Website, which does not include sales on third-party platforms such as Amazon. Dkt. No. 43 ¶ 5. For each of these transactions, Defendant sent two emails to consumers in New York: a confirmation email and a shipping notification. *Id.*; *see also* Dkt. No. 43-23 at 24:21–25:10. That evidence alone is sufficient to establish that Defendant operated a

"highly interactive" website through which it transacted business in New York. *See Am. Girl*, 118 F.4th at 277–78; *see also id.* at 276 ("Section 302 'is a 'single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.'" (quoting *Chloé*, 616 F.3d at 170)). In addition, there are 44 registered users of Defendant's Website with physical addresses in New York. Dkt. No. 43 ¶ 6. Defendant further has admitted that it sold products to customers in New York including through Amazon. Dkt. No. 43-23 at 18:8–10, 27:12–14.

Plaintiff has further satisfied the second element of Section 302(a)(1) by establishing that at least one element of its claim arises from Defendant's New York contacts. At her deposition, Defendant's owner Jill Beyer admitted that one of Defendant's goals in redirecting traffic from the Birdie Girl Domains to Defendant's Website was to make sales to customers, including to customers in New York. Dkt. No. 43 ¶ 7; Dkt. No. 43-23 at 23:7–14, 23:23–24:4. Defendant made numerous sales in New York during the relevant time period. Dkt. No. 43 ¶ 5. Defendant could not exclude the possibility that at least one of those numerous sales came about as a result of a redirect from the Birdie Girl Domains. Dkt. No. 43-23 at 51:9–15. It is thus entirely plausible that at least one sale arose out of Defendant's use of, or traffic in, Plaintiff's BIRDIE GIRL Marks. *See Spetner*, 70 F.4th at 643; *cf. Mutual Life. Ins. Co. v. Hillmon*, 145 U.S. 285, 296 (1892) (evidence of intention tends to prove the doing of the act intended).

Defendant's argument that Plaintiff must allege geo-targeted search or social ads or New York-specific promotions or sponsorships to support personal jurisdiction under Section 302(a)(1) proves too much. Defendant has never tried to target any customer based on geographic location. Dkt. No. 43-23 at 57:8–13; *see also id.* at 31:18–32:1, 52:1–10 (Defendant

has never targeted customers in Florida, California, or Texas, its biggest markets). Section 302(a)(1) "only requires a transaction." *Am. Girl*, 118 F.4th at 278. It does not require that a transaction come about through any particular form of marketing. Defendant's argument that Plaintiff has not proved that any "identified New York visitor who encountered the disputed domain(s) was redirected, and purchased as a result," Dkt. No. 47 at 2, is likewise without merit. Again, at the motion to dismiss stage, Plaintiff need only establish a prima facie basis for personal jurisdiction, and the evidence must be construed in Plaintiff's favor. Jurisdiction is established if it is plausible that Plaintiff's claim arose, at least in part, from Defendant's New York contacts. Plaintiff need not at this stage definitively prove a redirected sale in New York.

The assertion of jurisdiction also satisfies due process.[4] "For the same reasons that [Defendant's] engagement with New York satisfies § 302(a)(1), it also satisfies the minimum contacts requirement." *Am. Girl*, 118 F.4th at 279. Exercising jurisdiction also comports with fair play and substantial justice. Defendant argues that the assertion of jurisdiction would be unreasonable because it is an "out-of-state small business" that operates "a globally accessible website" and engages in "non-targeted domain redirection." Dkt. No. 44 at 8. But it does not identify any particular burden it would face from litigating in New York, and New York has an interest in having its customers who access a domain for Plaintiff not being diverted to a website for Defendant. Plaintiff also has an interest in obtaining convenient and effective relief that would not necessarily be satisfied by litigating in another forum. Defendant has engaged in numerous transactions in New York both through its own website and through Amazon. It thus

---

[4] The parties appear to assume that the proper constitutional analysis continues to proceed under the due process clause of the Fourteenth Amendment rather than that of the Fifth Amendment. *But see Fuld v. Pal. Liberation Org.*, 606 U.S. 1, 11–12 (2025) (holding that a federal court's authority to exercise personal jurisdiction under the Promoting Security and Justice for Victims of Terrorism Act is governed by the Fifth Amendment).

8

has enjoyed the benefits of New York law.  Defendant has "failed to convincingly demonstrate that the exercise of jurisdiction would be unreasonable."  *Am. Girl*, 118 F.4th at 280.

Defendant has stated that if the Court "finds that personal jurisdiction exists for a claim, [it] has no objection to the exercise of pendant personal jurisdiction over the remaining claim."  Dkt. No. 26 at 2.  Accordingly, the Court need not separately analyze whether personal jurisdiction exists for the declaratory judgment claim under the Lanham Act.  Nor need the Court address whether personal jurisdiction exists under C.P.L.R. 302(a)(3)(ii).

## CONCLUSION

Defendant's motion to dismiss the FAC for lack of personal jurisdiction is DENIED.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 44.

SO ORDERED.

Dated: January 21, 2026
       New York, New York

LEWIS J. LIMAN
United States District Judge